UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry Larue Lipscomb,

Plaintiff,

v.

Longfellow, St. Paul Police Officer, et al., City of St. Paul,

Defendants.

Civil No. 01-164 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Daniel A. Webber, Esq., for Plaintiff.
Gail L. Langfield, Esq., St. Paul City Attorney's Office, for Defendants.

---

## I. INTRODUCTION

**THIS MATTER** came before the Court on August 26, 2002, on Defendants' Motion for an Order to Show Cause [#15]. Specifically, Defendants seek an order to show cause why Plaintiff and his counsel, Mr. Daniel A. Webber, should not be adjudged in contempt of court for the failure to produce discovery as ordered by the Court on January 18, 2002 and for failure to appear at the scheduled settlement conference on June 25, 2002. For the reasons which follow, this Court will recommend that Plaintiff and his counsel be held in contempt of Court and that Plaintiff's claims be dismissed with prejudice.

## II. FINDINGS OF FACT

On December 29, 2000, Plaintiff, Larry Larue Lipscomb, initiated this action against Defendants Longfellow, Strecker, Jelinsky, Sherwood and the City of St. Paul by service a Summons and Complaint. This matter was originally venued in State District Court, Second Judicial District, County of Ramsey. On January 19, 2001, Defendants answered Plaintiff's Complaint. On January

SEP - 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

26, 2001, Defendants removed this action to this Court by filing a Notice of Removal. On March 9, 2001, the parties, through their respective counsel, appeared for the purposes of an Initial Pretrial Conference and a Pretrial Schedule was established.

Following that Conference and the service of Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), on March 22, 2001, Defendants served upon Plaintiff Interrogatories and a Request for Production of Documents. Plaintiff did not respond to those discovery requests and on January 7, 2002 Defendants appeared before the Court seeking responses to the discovery requests and sanctions. On that date neither the Plaintiff nor his counsel appeared. By Order dated January 18, 2002, this Court ordered Plaintiff to respond to Defendants' discovery on or before January 22, 2002. Defendants' counsel has represented in her Affidavits to this Court that Plaintiff has not responded to these discovery requests.

On May 7, 2002 the Notice of Final Pretrial and Settlement Conference was issued. The Conference was set for June 25, 2002 at 2:00 p.m. and all parties, and their counsel were required to appear. Counsel for the Defendants appeared however, neither Plaintiff nor his counsel appeared. On July 15, 2002 Defendants brought before the Court a motion for an Order to show cause why Plaintiff and his counsel should not be adjudged in contempt of court for the failure to produce discovery as ordered by the Court on January 18, 2002 and for failure to appear at the scheduled settlement conference on June 25, 2002. The Court granted the motion and set the matter on for hearing on August 26, 2002 at 9:00 a.m. On that date neither Plaintiff or his counsel appeared and thus disobeyed a lawful order of this Court.

## III. DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides the vehicle for sanctions for failure to participate in the discovery process. Federal Civil Rule 37(d), authorizes imposition of various sanctions for failing to appear for deposition or failing to respond to interrogatories and affords this Court great latitude in imposing sanctions for failure to comply with discovery. See Hazen v. Pasley, 768 F.2d 226 (8th Cir. 1985).

Rule 37(d) of the Federal Rules of Civil Procedure provides:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it make take action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Subdivision (b)(2) (C) allows this Court to strike out pleadings or parts thereof, or dismiss the action or proceeding or any part thereof, or render judgment by default against the disobedient party. Although the sanction of dismissal for the failure of a party to respond to discovery is severe, the most severe sanctions must be available to this Court to penalize those whose conduct may be deemed to warrant such sanction and to deter those who might be tempted to such conduct in the absence of such deterrent. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976).

Dismissal in this case is warranted due to Plaintiff's failure or refusal to respond to appropriate discovery and failure to appear at a scheduled pretrial conference before this Court. Plaintiff, has not provided the Court with any indication of an inability to respond, nor has counsel given any reasons for the failure.

## IV. RECOMMENDATION

Based on the above findings of fact and conclusions of law, **IT IS HEREBY RECOMMENDED THAT**:

Plaintiff and his Counsel be **HELD IN CONTEMPT OF THIS COURT**;

Plaintiff's claims in this matter be **DISMISSED WITH PREJUDICE**.

DATED: Sept 6, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.